UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSALIO OCON-FIERRO,

      Movant,

                                     File No. 1:12-CV-898

v.

                                     HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.

_____/

**O P I N I O N**

**I.**

This matter is before the Court on Movant Rosalio Ocon-Fierro's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Dkt. No. 1, Mot. Vacate.) The grand jury indicted Movant on one count: possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a). (1:09-CR-69, Dkt. No. 1, Indictment.) On May 11, 2009, Movant entered into a plea agreement with the U.S. Attorney's Office, (1:09-CR-69, Dkt. No. 11, Plea Agreement), and pled guilty to the offense. (1:09-CR-69, Dkt. No. 20, J. 1.) Movant appealed and his conviction was affirmed on June 2, 2011. (1:09-CR-69, Dkt. No. 24, 6th Cir. Op.) Movant filed this § 2255 motion on August 28, 2012. (Mot. Vacate.) For the reasons that follow, Movant's motion is denied.

**II**.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the

court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either "cause" and "actual prejudice"; or "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). To show cause, the petitioner must point to "some objective factor external to the defense" that prohibited him from raising his claims on direct appeal. *See Murray v. Carrier*, 477 U.S. 478, 488. To show prejudice, a defendant must demonstrate an error that worked to his actual and substantial disadvantage. *Frady*, 456 U.S. at 170. Failure to show one or the other will preclude review of his claim. *See Engel v. Isaac*, 456 U.S. 107, 134

n.43 (1982). An ineffective assistance of counsel claim is not subject to the procedural

default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be

raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised

the claim on direct appeal. *Id.*

In reviewing a § 2255 motion where factual disputes arise, "the habeas court must

hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v.*

*United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d

474, 477 (6th Cir. 1999)). The Court must grant a hearing to determine the issues and make

findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files

and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.

§ 2255(b). No evidentiary hearing is required if the allegations "cannot be accepted as true

because they are contradicted by the record, inherently incredible, or conclusions rather than

statements of fact." *Valentine,* 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d

778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and

the record of prior proceedings that the moving party is not entitled to relief, the judge must

dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

## III.

Movant asserts three ineffective assistance of counsel claims and one breach of

contract claim. (Dkt. No. 2, Mem. in Supp. of Mot. Vacate.) Movant is not entitled to habeas

relief on any of these claims because the ineffective assistance of counsel claims lack merit

and the breach of contract claim is procedurally barred.

## 1. <u>Ineffective Assistance of Counsel</u>

Movant's ineffective assistance of counsel claims allege that Counsel failed to investigate Movant's: (1) defenses to the two-level enhancement for possession of a firearm in connection with a drug offense; (2) eligibility for the "safety valve" sentencing provision of U.S.C. 3553(f); and (3) eligibility to seek a downward sentence variance due to the unavailability of a "fast track" program in the Western District of Michigan. *Id.* Claims of ineffective assistance are analyzed under the two-prong standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, defendant must show that counsel's performance fell below an objective standard of reasonableness. This requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that there is a reasonable probability that, but for the counsel's deficiency, the outcome of the proceedings would have been different. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. Unless defendant makes both showings, it cannot be said that the "conviction resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 694.

Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Id.* at 691. "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying

a heavy measure of deference to counsel's judgments." *Id.* The court should not consider if the choices were strategic, "but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).

When evaluating the assistance of counsel, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *Howard v. Bouchard*, 405 F.3d 459 (6th Cir. 2005) (citing *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996))."Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments . . . ." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim . . . would disserve the very goal of vigorous and effective advocacy." *Id.* at 754 (citing *Anders v. California*, 386 U.S. 738, 744 (1967)). Often an attorney will have several possible arguments available to her and will choose the one she thinks is the most likely to succeed . . . ." *See Cowans v. Bagley*, 639 F.3d 241, 250 (6th Cir. 2011). This high degree of discretion make trial counsel's decisions "particularly difficult to attack . . . ." *McQueen,,* 99 F.3d at 1311 (citing *O'Hara v. Wigginton*, 24 F.3d 823, 828 (1994)).

Counsel did not provide ineffective assistance for failing to investigate defenses to the two-level increase for possession of a firearm and the applicability of a "safety valve" sentence reduction.

To rebut the presumption that the firearm was connected to the drug offense, Counsel would have to show that it is "clearly improbable that the firearm was connected to the offense." *United States v. Bolka*, 355 F.3d 909, 912 (6th Cir. 2004). Several factors are considered to determine if the presumption has been rebutted, including: (1) the proximity of the firearm to the drugs, (2) the type of firearm involved, (3) whether the firearm was loaded, and (4) any alternative purpose offered to explain the presence of the firearm. *Id.* (citing *United States v. Moses*, 289 F.3d 847, 850 (6th Cir. 2002)); *United States v. Hill*, 79 F.3d 1477, 1485 (articulating a four-part test to determine whether sentencing enhancement is proper).

The record does not conclusively show the extent that Counsel investigated this matter. However, the time Counsel spent reviewing the Presentence Report with Movant would have made Counsel aware of the facts pertaining to the first three factors considered to rebut the presumption of possession. (*See* 1:09-CR-69, Dkt. No. 23, Sent. Tr. 5; Presentence Rep.) Counsel could have decided that rebutting the presumption was unlikely to succeed because the first two factors, proximity to drugs and type of weapon, weighed strongly against Movant. The sawed-off shotgun was located in the same bedroom as drugs involved in the offense. (Presentence Rep. 6 ¶ 23.) Choosing not to pursue a defense grounded on the absence of ammunition or alternative explanations for the presence of the firearm falls within Counsel's discretion to focus on claims most likely to succeed. Failing to conduct further investigation in light of unfavorable evidence and a difficult burden of

proof was reasonable as a result. Counsel's assistance did not fall below an objective standard of reasonableness.

Neither was Counsel ineffective for failing to investigate the applicability of a "safety valve" sentence reduction. *Bolka* establishes the burden of proof to demonstrate eligibility for a "safety valve" sentence reduction. 355 F.3d at 912. Movant must prove that the gun was not connected to the offense by a preponderance of the evidence. *Id.*[1] Arguing for the application of the "safety value" is a difficult claim even under a preponderance of the evidence standard. Counsel's decision not to raise this claim or conduct thorough investigation considering the application of the "safety valve" was reasonable given Counsel's knowledge of the facts. The type of shotgun (sawed-off) and its proximity to the drugs was sufficient to enable Counsel to reasonably conclude that application of the "safety valve" was a long shot and that further investigation was unnecessary. Again, Counsel's assistance did not fall below an objective standard of reasonableness.

Even if Counsel had raised these claims, this Court would not have changed its sentencing calculation. This Court was especially disturbed by the nature of the shotgun. (1:09-CR-898, Sent. Tr. 10.) Possession of a sawed-off shotgun is illegal regardless of who owned or modified the weapon. Movant's alleged proffer indicates that the gun was used for protection. (Mem. in Supp. Mot. Vacate 5.) Movant now claims that the gun belonged to his

---

[1] 18 U.S.C. § 3553(f) provides five elements that must be proved by a preponderance of the evidence to qualify for a "safety valve" reduction. Here, the only element in contention is whether or not Movant possessed a firearm or dangerous weapon in connection with the offense. (Dkt. No. 5, Resp. 10; Dkt. No. 12, Reply 9.)

nephew and was in his possession only for repair. *Id.* at 34. These contradictory explanations greatly undermine Movant's credibility. It is important to note that even if Movant's use for protection were proffered, the plea agreement does not protect a proffer that contradicts testimony given at sentencing. (1:09-CR-69, Plea Agreement 6.)The nature of the gun, its proximity to the drugs, and the contradictory alternative explanations would have led this Court to decline to give either claim credence under a preponderance or clearly improbable standard. Movant fails the second prong of the *Strickland* test because Counsel's strategic decision did not cause him prejudice.

Movant's final ineffective assistance of counsel claim must fail because it is entirely without merit. Movant asserts that Counsel should have investigated a possible downward variance because, unlike other districts, the Western District of Michigan does not have a fast track program. (Mem. in Supp. of Mot. Vacate 35.) Fast track programs apply to immigrants charged with immigration offenses. *See United States v. Hernandez-Fierros*, 453 F.3d 309, 310 (6th Cir. 2006). Movant's offense is not immigration related and a fast track program would not apply even if it was available. Counsel cannot be found to have performed ineffectively by failing to raise issues that have no merit. *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999).

## 2. **Breach of Plea Agreement**

Finally, Movant asserts that the U.S. Attorney's Office breached the plea agreement and Counsel failed to investigate this breach. (Mem. in Supp. of Mot. Vacate 5.) Specifically,

Movant contends that the information in the Presentence Report indicating that the gun was used for protection was proffer-protected. *Id.* at 11. This claim was not raised on direct appeal and is procedurally defaulted. Movant must show cause and prejudice to overcome this procedural bar. Movant asserts ineffective assistance of counsel as the cause for failing to raise the claim. *Id.* Movant states that any reasonable attorney would have known that the plea agreement was breached and would have investigated the matter further. *Id.* This statement is merely conclusory and therefore is insufficient to show cause. Movant must show that Counsel was actually aware or should have been aware of the breach of the plea agreement. Counsel cannot be expected to investigate the source of the breach if he does not have reason to know the breach occurred. The contested information appears on one line of a 18 page Presentence Report. (Presentence Rep. 6-7 ¶ 24.) It is unclear whether the contested information (that the gun was used for protection) was discovered before or after the proffer agreement. (Resp. 7-8; Reply 4.) Movant's argument must fail because there is no evidence that Counsel should have reasonably been aware of the alleged breach.

Even if cause were shown, it is likely that the defendant faced no prejudice. The prosecutor only needed to prove possession of the weapon (not use of the weapon) to justify the two-level increase. *Moses,* 289 F.3d at 850. Possession of the weapon was clearly shown. In addition, the sentencing transcript shows no mention of the gun being used as protection. As evidenced by this Court's statements at sentencing, this Court was most concerned with other factors, such as the nature of the gun. Accordingly, this Court would have reached the

9

same decision even if the Presentence Report did not mention that the gun was used for protection. This Court will not consider the merits of the breach of contract claim because Movant has not shown cause or prejudice.

**3. Evidentiary Hearing**

The files and records of the case conclusively show that the Movant is entitled to no relief. Consequently, this Court will deny Movant's motion for an evidentiary hearing.

**IV.**

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.

Dated: <u>June 25, 2013</u>                     /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE